THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cv-649

PNHC, LLC,

                    Plaintiff,

v.                                                    **ANSWER TO COUNTERCLAIM**

FREEUS, LLC,

                    Defendant.

Plaintiff PNHC, LLC ("Plaintiff" or "PNHC"), by and through undersigned counsel and

for its Answer to the Counterclaim of Defendant Freeus, LLC ("Defendant" or "Freeus"), alleges

and says as follows:

1.      Admitted, upon information and belief.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      The allegations contained in paragraph 5 of the Counterclaim do not require a

response from Plaintiff.

6.      Denied, upon information and belief.

7.      Plaintiff admits that Mr. Ortiz and Mr. Garner had several conversations by

telephone after the date that Freeus purchased Securus' mPERS business.  Except as specifically

admitted herein, the allegations contained in paragraph 7 of the Counterclaim are denied.

8.      Plaintiff admits that Mr. Ortiz and Mr. Garner, on several occasions, discussed the

Sales Representative Agreement ("SRA") between Securus, Inc. ("Securus") and Medical Life

Alarm, predecessor in interest to Plaintiff. Plaintiff further admits that Mr. Garner indicated that Freeus did not acquire the SRA and, therefore, would not abide by its terms. Except as specifically admitted herein, the allegations contained in paragraph 8 of the Counterclaim are denied.

9. Plaintiff admits the allegations contained in paragraph 9 of the Counterclaim, except that it denies that Mr. Ortiz became very defensive with Mr. Garner.

10. Denied.

11. Denied.

12. Plaintiff admits that Mr. Ortiz called Mr. Garner to discuss price structure and possible financing for Life Protect's purchase of mPERS units, but only after Defendant agreed to pay commissions to Plaintiff on Defendant's provision of mPERS units to Life Protect. Plaintiff further admits that Defendant agreed to pay commissions to Plaintiff in order to preserve its relationship with Plaintiff. Except as specifically admitted herein, the allegations contained in paragraph 12 of the Counterclaim are denied.

13. Plaintiff admits that he communicated with Mr. Garner and with Life Protect with regard to price structure and possible financing for Life Protect's purchase of mPERS units from Defendant. Plaintiff further admits, upon information and belief, that these discussions took place only after Mr. Garner already had initiated direct negotiations with Life Protect. Except as specifically admitted herein, the allegations contained in paragraph 13 of the Counterclaim are denied.

14. Denied.

15. Plaintiff admits that the parties executed the Memorandum of Understanding ("MOU") and that Defendant agreed to pay commissions to Plaintiff as alleged in Plaintiff's First

2

Amended Complaint.  Except as specifically admitted herein, the allegations contained in paragraph 15 of the Counterclaim are denied.

16.     Denied.

17.     Denied.

18.     Plaintiff incorporates by reference its responses set forth in paragraph nos. 1 through 17, above, as if fully set forth herein.

19.     Denied.

20.     Denied.

21.     Plaintiff incorporates by reference its responses set forth in paragraph nos. 1 through 20, above, as if fully set forth herein.

22.     Denied.

23.     Denied.

**FIRST AFFIRMATIVE DEFENSE**

Defendant's counterclaims fail to state claims upon which relief can be granted and, therefore, should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's counterclaims are barred by the doctrines of waiver, estoppel and unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has failed to plead aggravating circumstances sufficient to state a claim under N.C. Gen. Stat. § 75-1.1, *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff PNHC, LLC, in addition to the relief requested in its First Amended Complaint, prays the Court that:

1.      Defendant's counterclaims be dismissed with prejudice;

2.      Defendant have and recover nothing from Plaintiff;

3.      Plaintiff recover its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1(2);

4.      The costs of this action be taxed against Defendant; and

5.      For such other and further relief as the Court may deem just and proper.

This the 3rd day of June, 2016.

/s/ Donald J. Harris
Donald J. Harris
HARRIS SARRATT & HODGES, LLP
1620 Hillsborough Street, Suite 200
Raleigh, North Carolina 27605
Tel.:     919.546.8788
Fax:     919.546.8789
dharris@hshllp.com
N.C. State Bar No. 15902
***Attorneys for Plaintiff PNHC, LLC***

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the foregoing **ANSWER TO COUNTERCLAIM** was electronically filed with the CLERK OF COURT using the CM/ECF System, which will send notification to all attorneys of record as follows:

F. Hill Allen
Tharrington Smith, LLP
P.O. Box 1151
Raleigh, North Carolina 27602
hallen@tharringtonsmith.com
*Attorney for Defendant*

Evan S. Strassberg
Michael Best & Friedrich, LLP
6995 Union Park Center, Suite 100
Midvale, Utah 84047
esstrassberg@michaelbest.com
*Attorney for Defendant*

This the 3rd day of June, 2016.

/s/ Donald J. Harris
Donald J. Harris
HARRIS SARRATT & HODGES, LLP
1620 Hillsborough Street, Suite 200
Raleigh, North Carolina 27605
Tel.: 919.546.8788
Fax: 919.546.8789
dharris@hshllp.com
N.C. State Bar No. 15902
*Attorneys for Plaintiff PNHC, LLC*

5